IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CHET WILSON, on behalf of himself and others similarly situated, | : | |
| | : | CIVIL ACTION FILE NO. 25-cv-719 |
| Plaintiff, | : | |
| v. | : | |
| NATIONAL GENERAL INSURANCE COMPANY | : | |
| Defendant. | : | |

**PLAINTIFF'S RESPONSE TO MOTION FOR EXTENSION OF TIME**

Defendant seeks a second extension of its deadline to respond to Plaintiff's initial written discovery requests, despite already receiving a substantial accommodation and despite refusing to commit to beginning document production by any date certain. Plaintiff has acted reasonably and in good faith at every stage of discovery, including granting Defendant's prior extension without condition and expressing a willingness to consider further accommodation if discovery progressed in a meaningful way. Defendant, however, now asks the Court to permit additional delay while offering no assurance that discovery will actually move forward.

Plaintiff would have agreed to another extension as requested by the Defendant had Defendant simply begun production after this second extension. Instead, Defendant declined and filed the present motion. Because Defendant has not shown good cause for further delay and because continued extensions without progress will only stall this case, the motion should be denied—or, at minimum, any extension should be conditioned on Defendant commencing document production.

1

On December 30, 2025, Defendant requested a thirty-day extension of time to respond, citing the holiday season. Plaintiff agreed without condition, extending Defendant's deadline to February 5, 2026.

On January 23, 2026—before the February 5 deadline had arrived—Defendant requested yet another extension, this time seeking to move its response deadline to February 27, 2026. Plaintiff advised that he was willing to accommodate a second extension provided that (1) it would be the final extension to this first set of discovery and (2) Defendant would begin document production on February 27. Defendant declined to agree to those conditions, stating that it could not commit to any production date due to internal processes associated with its "highly regulated" client.

Despite Defendant's refusal to commit to producing documents, Plaintiff continued to act reasonably and in good faith. Plaintiff agreed to wait for Defendant's written responses under the existing extension, without documents, and expressed a willingness to promptly meet and confer to resolve any issues and keep discovery moving forward. Plaintiff further advised that he would have been willing to consider an additional accommodation had Defendant simply begun rolling production. Defendant instead elected to file the present motion.

Defendant's reliance on generalized assertions regarding internal review processes and regulatory considerations is insufficient. Many participants have federal courts have these restraints. Defendant has not identified any specific impediment to beginning production, nor explained why at least partial or rolling production could not occur. Allowing further extensions without any corresponding obligation to produce documents risks stagnating the case at its earliest stage. The Federal Rules are designed to secure the just, speedy, and inexpensive

2

Case 1:25-cv-00719-DAB-JLW    Document 17    Filed 02/05/26    Page 2 of 3

determination of actions—not to permit indefinite delay while a party decides when, or if, discovery will begin.

For these reasons, Defendant's Motion to Extend Time to Respond to Plaintiff's Initial Written Discovery Requests should be denied. In the alternative, any extension should be conditioned on Defendant beginning document production so that this case may move forward without further unnecessary delay.

Dated: February 5, 2026

/s/ *Ryan Duffy*
Ryan Duffy
The Law Office of Ryan P. Duffy, PLLC
1213 W. Morehead Street
Suit 500, Unit #450
Charlotte, North Carolina 28208
ryan@ryanpduffy.com
Telephone: (704) 741-9399

/s/ *Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(617) 485-0018
anthony@paronichlaw.com
*Subject to Notice of Special Appearance*

**Counsel for Plaintiff**