# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| CHET WILSON, on behalf of himself and others similarly situated,<br><br>   *Plaintiff*,<br><br>v.<br><br>NATIONAL GENERAL INSURANCE COMPANY<br><br>   *Defendant*. | Civil Action No. 1:25-cv-719-DAB-JLW |

## CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c) and the Parties' Joint Motion for Confidentiality Agreement and Protective Order dated March 25, 2026, and for good cause shown:

IT IS HEREBY ORDERED that this Confidentiality Agreement and Protective Order (the "Order") shall control the disclosure, dissemination, and use of confidential information in this lawsuit.

1. <u>Scope of Order</u>.

(a) This Order shall govern the production, use, and disclosure of all information and materials produced by Plaintiff or National General Insurance Co. (collectively, "Parties") in response to any discovery request in this action (including, but not limited to, documents, interrogatory answers, responses to requests to admit, and deposition transcripts and exhibits), all information contained in those materials, and all copies, excerpts, or summaries of those materials (collectively, "Discovery Material" or "Material"). This order is subject to the Local Rules of this District, the Federal Rules of Civil Procedure, and any other applicable laws.

1

2. <u>Confidential Information.</u>

(a)     As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by the producing Party that falls within one or more of the following categories:

i.      information prohibited from disclosure by statute;

ii.     information that reveals trade secrets, including, but not limited to, research, development, strategic business information, data, plans, analyses, and projections, company guidelines, commercial information, sales information, customer lists, and audit reports;

iii.    research, technical, commercial, or financial information that the Party has maintained as confidential;

iv.     non-public agreements with third parties and materials memorializing or relating to sensitive third-party business relationships;

v.      personal identity information (including, but not limited to, names, telephone numbers, and subscription information);

vi.     internal policies and procedures;

vii.    financial records including, but not limited to, documents concerning revenues, costs, valuations, and profits; and

viii.   income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; and

ix.     personnel or employment records of a person who is not a party to the case; and

x.      Discovery Material that, if disclosed to a business competitor, would tend to damage the Designating Party's competitive position.

2

(b)     Counsel for any Party may designate any document, information contained in a document, information revealed in an interrogatory response, or information revealed during a deposition as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client.  Information or documents that are available to the public may not be designated as Confidential Information.

3.      Designation.

(a)     A Party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information.  The marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed.  Applying the marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Any copies that are made of any documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b)     The designation of a document as Confidential Information is a certification by an attorney that the document contains Confidential Information as defined in this Order.

3

4.      Depositions.

(a)      Deposition testimony is protected by this Order only if designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the record at the time the testimony is taken, or 30 days after delivery of the transcript.  Such designation shall be specific as to the portions that contain Confidential Information.   All deposition testimony and transcripts shall be treated as Confidential Information protected by this Order from the time of the deposition until the expiration of the period for making confidentiality designations.

(b)      Within 30 days after delivery of the transcript by the court reporter to any Party or the witness, a designating Party may serve a written Notice of Designation on all parties of record identifying the specific portions of the transcript that are designated as Confidential Information. After the expiration of that 30-day period, only those portions of the transcript specifically identified in a timely Notice of Designation shall continue to be treated as Confidential Information under this Order, and all other portions shall no longer be subject to protection. The Parties may agree to an extension of the deadline to  serve a timely Notice of Designation of Confidential Information, without prior approval of the Court.

(c)      Any Party may use Confidential Information pursuant to the terms of this Order as an exhibit in a deposition taken in this lawsuit, subject to such exhibit being marked as Confidential.

5.      Protection of Confidential Material.

(a)      **General Protections.**  Confidential Information shall not be used or disclosed by the Parties, counsel for the Parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.  In this putative class action, Confidential Information may be disclosed only to the named plaintiff and not to any other

4

member of the putative class unless and until a class including the putative members has been certified. Documents containing Confidential Information shall be stored at all times in secured systems maintained by Plaintiff's counsel and/or Plaintiff's expert(s).

(b) **Limited Third-Party Disclosures.** The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (i)–(ix). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information.

i. **Counsel.** Counsel for the Parties and employees of counsel who have responsibility for the action, including in-house counsel;

ii. **Parties.** Individual parties and employees of a Party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

iii. **The Court and its Personnel**;

iv. **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

v. **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

vi. **Consultants and Experts.** Consultants, investigators, or experts employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to Be Bound;

5

vii. **Witnesses at Depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

viii. **Author or Recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation); and

ix. **Others by Consent.** Other persons by written consent of the Producing Party only after such persons have completed the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to Be Bound.

(c) Prior to disclosing or displaying the Confidential Information to any person, except as so designated for sections (5)(b)(i) – (iv), counsel shall:

i. Inform the person of the confidential nature of the information or documents; and

ii. Inform the person that use of the information or documents for any purpose other than this litigation is prohibited.

(d) **Control of Documents**. Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain copies or the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

i. Absent notice to and permission from the producing Party, any person or entity authorized to have access to Confidential Information under the terms of this Agreement shall not use or employ any application, service, or analytical software that will transfer, transmit, send or allow any external access to Confidential Information (in whole or in part) unless such application, service, or analytical software is fully containerized (i.e., does not transmit any information to any external system or network for the purpose of analysis, use, or the generation of text outputs in response to queries, has the ability to track all information in the system (including access), and does not otherwise allow access to information by unauthorized persons). For the avoidance of doubt, this restriction expressly applies to the use of advanced large language models, "generative" AI tools, and other advanced AI systems, including but not limited to OpenAI, GPT, ChatGPT3/4 *et seq.*, Google Gemini, Meta LLAMA, MidJourney, DALL-E, and Stable Fusion. It does not apply to secure file transfer services used in the ordinary course of business including but not limited to Dropbox, Box, or other FTP software used by the Parties' law firms, nor does it apply to IT, cloud computing, hosting, or remote server applications or services used in the ordinary course of business by the Parties' law firms.

6. <u>Inadvertent Failure to Designate.</u>

(a) An inadvertent failure to designate material as Confidential Information does not, standing alone, waive the right to do so. Upon discovery that material was inadvertently produced or disclosed without a confidentiality designation, the producing Party may designate the material as Confidential Information within fourteen (14) days of such discovery, in accordance with the procedures set forth in this Order. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Agreement. If a Party designates a document as Confidential Information after it was initially produced, the receiving

7

Party, on notification of the designation, must make a reasonable effort to ensure that the document is treated in accordance with the provisions of this Order. During any period in which material has not yet been designated as Confidential Information under this Order, no Party shall be found to have violated this Order for failing to maintain the confidentiality of such material, even if the failure to designate was inadvertent and the material is subsequently designated as Confidential Information. If a receiving Party reasonably believes that material has been inadvertently produced or disclosed without a confidentiality designation, that Party shall promptly and reasonably notify the producing Party of that belief. Upon receipt of such notice, the producing Party may designate the material in accordance with this Order, and such designation shall apply prospectively from the date of designation.

7.    Filing of Confidential Information.

(a)    This Order does not, by itself, authorize the filing of any document under seal. Any Party wishing to file a document designated as Confidential Information in connection with a motion, brief, or other submission to the Court must comply with Local Rule 5.4 of this Court's Rules of Practice and Procedure. Before filing any Confidential Information with the Court, the Party seeking to file the information may move for a protective order allowing the filing of redacted copies of the documents containing Confidential Information on the public record and the sealed filing of unredacted copies.

8.    Exemptions for Authors and Material Independently Obtained or Publicly Available.

(a)    Nothing in this Order shall be deemed in any way to restrict the use of documents or information which are lawfully obtained or publicly available to a Party independent of discovery in this action, whether or not the same material has been obtained during the course of discovery in this lawsuit and whether or not such documents or information have been designated

8

as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." Accordingly, nothing in this Order shall be deemed to prohibit disclosure of any Discovery Material that is currently in the Party's lawful possession, custody, or control; that later comes into the possession of the Party from others lawfully in possession of such information and who are not bound by a comparable Order or obligation; that is or has become public knowledge through no fault of the Party having the obligation of confidentiality; or that is required to be disclosed by any law, regulation, order, or rule of any governmental authority.

9.      Challenges by a Party to Designate as Confidential Information.

(a)      The designation of any material or document as Confidential Information is subject to challenge by any Party.  Nothing in this Agreement constitutes an admission by any Party that Confidential Information disclosed in this case is relevant or admissible.  Each Party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law and Court rules.  The following procedure shall apply to any such challenge.

(b)      **Meet and Confer.**  A Party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The designating Party must respond to the challenge within five (5) business days unless an extension is otherwise agreed to by the Parties.

(c) **Judicial Intervention.** A Party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the challenging Party. Until the Court rules on the challenge, the Parties shall continue to treat the materials as Confidential Information under the terms of this Order.

10. Action by the Court.

(a) Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or trial.

11. Use of Confidential Documents or Information at Trial.

(a) Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A Party that intends to present or that anticipates that another Party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and the Parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.

(a) If a receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designed in this action as Confidential Information, the receiving Party must so notify the designating Party, in writing, immediately and

10

in no event more than three court days after receiving the subpoena order. Such notification must include a copy of the subpoena or court order.

(b)     The receiving Party must also immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving Party must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating Party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating Party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disregard a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the Party has in its possession, custody or control Confidential Information by the other Party to this case.

13.     Obligations on Conclusion of Litigation.

(a)     **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)     **Obligations at Conclusion of Litigation.** Within thirty days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing Party if requested in writing by the disclosing Party upon the conclusion of litigation unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction to the

11

extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving Party, that Party elects to destroy the documents and certifies to the producing Party that it has done so. The foregoing is entirely without prejudice to the right of any Party to apply to the Court for any order relating to Confidential Information, or to object to the production of documents or information. This Agreement may be enforced by either Party and any violation may result in the Court imposing sanctions.

(c) **Retention of Work Product and One Set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information and so long as that work product remains confidential, and (2) one complete set of all documents filed with the court, including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

(d) **Deletion of Documents Filed under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

14. Order Subject to Modification.

(a) This Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

15. No Prior Judicial Determination.

(a) This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by

12

counsel or the Parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

16.     Persons Bound.

(a)     This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

17.     Entry and Enforcement of Order by the Court.

(a)     The Parties submitted this Order for entry by the Court and agree to be bound by the terms effective as of the date the stipulation was fully executed by the Parties, as if the Order had been entered on that date. The Court may impose sanctions on any person possessing or granted access to Confidential Information pursuant to this Order who discloses or uses the Confidential Information for any purpose other than as authorized by this Order or who otherwise violates the terms of this Order. All persons to whom Confidential Information is disclosed shall be subject to the jurisdiction of this Court for the purpose of enforcing this Order. This Order shall continue in full force and effect, and shall be binding upon the Parties and all persons to whom Confidential Information has been disclosed, both during and after the pendency of this case.

*So ordered.*

Dated: _____          _____

The Honorable David A. Bragdon
United States District Judge

13

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| CHET WILSON, on behalf of himself and others similarly situated, | |
| *Plaintiff*, | Civil Action No. 1:25-cv-719-DAB-JLW |
| v. | [ATTACHMENT A] |
| NATIONAL GENERAL INSURANCE COMPANY, | |
| *Defendant*. | |

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Agreement and Protective Order entered on [month] [day], 2026 in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Middle District of North Carolina in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concerned party.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

/s/ _____

[Name]

1